IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEREMY GREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-2055 |
| v. ) | |
| ) | |
| CHESTNUT CENTER, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFAULT JUDGMENT**

Before the Court is Plaintiff Grey's ("Plaintiff's" or "Grey's") Motion for Default Judgment, filed on June 28, 2024. (ECF No. 13.) Pursuant to Rule 55(b)(2), the Court finds the Motion is well-taken, and it is therefore **GRANTED**. Based on Plaintiffs' Motion, the Telephonic Status Conference, and the entire record in this case, the Court finds as follows:

1. On January 29, 2024, Plaintiff filed his Complaint against Defendant Chestnut Center, LLC ("Defendant" or "Chestnut"). (ECF No. 1.) Plaintiff filed his suit "pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ('ADA'), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ('ADAAG')." (Id. at PageID 1.)

2. "On or about October of 2022 and July of 2023, Plaintiff was a customer at the Royal Flush Tattoos located at 6310 Winchester Rd, Memphis, TN 38115 ('Subject Property')." (Id. at PageID 3.) Defendant "is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action." (Id.) Plaintiff alleges that "[his] access to the

Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant . . . is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint." (Id. at PageID 4.)

3. On March 30, 2024, Defendant was served with a copy of the Complaint and Summons via certified mail at its address, 6310 Winchester Road, Memphis, TN 38115-8111. (ECF No. 7.)

4. "Prior to moving for an entry of default, Plaintiff attempted to contact the Defendant by written correspondence on June 4, 2024." (ECF No. 13 at PageID 39.)

5. Defendant has not answered or otherwise responded to the Complaint.

6. On June 17, 2024, on motion from Plaintiff, the Clerk entered default against Defendant. (See ECF Nos. 11, 12.)

7. Defendant has not appeared personally or by representation in this matter.

8. Because of Defendant's default, it has admitted the well-pleaded factual allegations contained in the Complaint. See Tripodi v. Welch, 810 F.3d 761, 764 (10th Cir. 2016) ("By his default, [the defendant] relieved [the plaintiff] from having to prove the complaint's factual allegations.").

9. Defendant, "as a wheelchair user," (ECF No. 1 at PageID 13), has proper standing to challenge the barriers, which "relate[] to his use of a wheelchair." See Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1218 (M.D. Fla. 2012). Further, Defendant has "'demonstrate[d] the requisite threat of future injury [because] he establishe[d] . . . a plausible intent to return to the noncompliant accommodation . . . .'" Mosley v. Kohl's Dep't Stores, Inc.,

942 F.3d 752, 757 (6th Cir. 2019) (citing <u>Gaylor v. Hamilton Crossing CMBS</u>, 582 F. App'x 576, 582 (6th Cir. 2014)).  Like the plaintiff in <u>Mosley</u>, Plaintiff has "visited and attempted to patronize" Defendant's store on "multiple prior occasions," (ECF No. 1 at PageID 4), and "makes regular trips to the [area of the Subject Property]."  <u>See</u> <u>Mosley</u>, 942 F.3d at 757.

10. The Court has personal jurisdiction over Defendant and venue is proper, as "Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district." (ECF No. 1 at PageID 2.)  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343.  (<u>Id.</u>)

11. The Court finds, based upon allegations contained in the Complaint, that Defendant is liable for ADA and ADAAG violations.  Plaintiff has adequately alleged violations of the ADA and ADAAG from a lack of accessible routes/parking and failure of proper maintenance practices.  (<u>Id.</u> at PageID 8–12.)  Thus, Plaintiff is entitled to injunctive relief and attorneys' fees, as expanded upon below.  <u>See</u> <u>Castillo-Antonio v. Mata</u>, 549 F. Supp. 3d 1050, 1051 (N.D. Cal. 2021) (granting injunctive relief and attorneys' fees in default judgment for ADA violation).

12. The Court finds that:

    a. Defendant is in violation of the ADA and ADAAG.

    b. Defendant is required to: (1) remove the physical barriers to access and (2) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA within 120 days of judgment.

    c. Defendant, pursuant to 28 C.F.R. § 36.211, must fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA.

      d.      Defendant must implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

      e.      Defendant must evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time to allow it to undertake and complete corrective procedures.

      f.      Plaintiff is entitled to an award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with insuring that the Defendant is in compliance with the ADA.

      g.      Plaintiff is entitled to an award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit.

**IT IS SO ORDERED**, this 24th day of October, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE